# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERIC BRIGGS                                                                                          PLAINTIFF

v.                                          5:17CV00153-BRW-JJV

JUDY BROWLEY, Grievance Officer,
Dub Brassell Detention Center; *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Eric Briggs ("Plaintiff") is incarcerated at the W.C. "Dub" Brassell Adult Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he filed grievances on two officers and "not only did the grievance officer not tell them [he] wrote them but told others." (*Id*. at 4.) Plaintiff states the officers then came to his barracks and told other inmates Plaintiff was a "snitch" and the inmates "could do this or that if it was not for [Plaintiff]." (*Id*.) Plaintiff seeks damages in the amount of $100,000 as well as demotions and a federal takeover of the detention center. (*Id*. at 5.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's Complaint does not plead enough facts to state a claim to relief that is plausible on its face.  Although he suggests Defendant Judy Browley, Grievance Officer, failed to inform officers they were subjects of grievances submitted by Plaintiff, it is clear those officers became aware of the grievances.  Plaintiff's chief complaint appears to be with those officers' resulting behavior – telling other inmates Plaintiff was a "snitch" and suggesting he was the reason they were not allowed certain privileges.  But verbal threats, name-calling, and harassment are generally not actionable under § 1983.  *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).  An actual threat can support a claim of retaliation if it would "chill a person of ordinary firmness" from continuing to engage in a protected activity, such as filing a grievance.  *See Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) (holding threats of death, issued by a correctional officer tasked with

3

guarding a prisoner's segregated cell, stated a claim for retaliation). However, Plaintiff's allegations establish, at most, a *de minimis* retaliatory action, and the ordinary-firmness test is "designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Id.*; *see also Rustan v. Rasmussen*, 208 F.3d 218, at 2 (8th Cir. 2000) (unpublished per curiam) (allegation that defendant harassed and verbally threatened plaintiff in retaliation for filing a grievance failed to state a claim). Accordingly, the facts as alleged by Plaintiff do not establish a violation of his constitutional rights.

In addition, Plaintiff's claim against Defendant Dub Brassell Detention Center fails as a matter of law. As a department of local government, the jail is not a juridical entity amenable to suit under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's claim against Jefferson County also fails, as he has not alleged an official policy or unofficial custom of the County caused or contributed to his alleged injuries. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (a political subdivision may not generally be held vicariously liable under § 1983 for the unconstitutional acts of its employees and may only be held liable when those acts implement or execute an unconstitutional policy or custom of the subdivision).

Finally, although Plaintiff names Defendants Ed Adams and Greg Bolen, he makes no mention of either in his "Statement of Claim." (Doc. No. 2 at 4.) To the extent Plaintiff seeks to hold these Defendants responsible based solely on their supervisory roles, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted. If he has information that would bolster his allegations, he should provide it in his objections to this recommendation.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 2nd day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."